05 CV 7985

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE BEAVER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES INC., SONG AIRWAYS LLC, JOANNE D. SMITH, ROBERT L. KIGHT, ARTHUR E. JOHNSON, PAULA G. ROSPUT REYNOLDS, KENNETH B. WOODROW, KARL J. KRAPEK, JOHN F. SMITH, JR., JOAN E. SPERO, GERALD GRINSTEIN, DAVID R. GOODE, EDWARD H. BUDD, and JOHN DOES 1-25.<br><br>       Defendants. | Civil Action No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT AND BREACH OF CONTRACT<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff, Nicole Beaver, an employee of Song Airways LLC ("Song") and a participant in the Delta Family-Care Savings Plan (the "Plan"), on behalf of herself and a class of all others similarly situated, alleges as follows:

### INTRODUCTION

  1.  This is a class action brought pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, against Plan fiduciaries, Delta Airlines, Inc. ("Delta" or the "Company") and Song, on behalf of former employees of Delta that, in 2003, went to work for Song and that participated in or were beneficiaries of the Plan. Such individuals are called "Founders".

  2.  This action also alleges a breach of contract claim on behalf of the same nationwide class as the ERISA claim alleged herein.

3. Song was formed as a wholly-owned subsidiary of Delta in January of 2003, in order to compete with low-cost airline carriers. At all relevant times, Song was controlled by Delta.

4. In order to induce Delta employees to work for Song, Delta offered its employees a larger employer match to the Plan than was available to Delta employees, among other inducements. Song employees received less pay than Delta employees and, thus, the promise of a larger employer match to the 401(k) plan was a substantial inducement for Delta employees to join Song.

5. As further inducement, Delta represented that Founders would receive, inter alia, super seniority status and be protected from furlough. Pursuant to this seniority scale, Founders were promised that they would be the most senior Song employees, and would be considered as more senior than Delta employees who may join Song in the future even if such non-Founder Delta employees were more senior than the Founders while they worked at Delta. In addition, the protection against furlough was a critical inducement and consideration for Founders to forego the greater pay enjoyed by Delta employees.

6. Defendants' commitments to honor the Founder's rights including those related to seniority were consistently memorialized and reaffirmed during conference calls between class members and the defendants and/or their representatives. The commitments made by Song and Delta to the Founders were contractual in nature and Defendants were obligated, as they so often confirmed, to honor these obligations.

7. Delta has recently informed Song employees that, in January 2006, Song will become a division of Delta and will lose many of the Founder's rights they were promised. The employer-match advantage promised, and briefly given, to Song employees will no longer apply.

In addition, Song employees would lose their super seniority status and would fall under the Delta seniority scale.

8. Defendants violated their fiduciary duties under ERISA by misrepresenting the likely future of the Plan. During the relevant time, defendants repeatedly assured Song employees that Delta was committed to keeping Song as a subsidiary and that Song employees would continue to receive the same employer match under the Plan. These assurances were materially false and misleading and were lacking in any reasonable basis when made.

9. Song's and Delta's actions also constituted a breach of contract.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to ERISA, 29 U.S.C. § 1132(e)(1), which grants jurisdiction to United States District Courts over claims of this type.

11. This Court has personal jurisdiction over defendants because, as required by ERISA, 29 U.S.C. § 1132(e)(2), one or more of the defendants may be found in this District. Defendants systematically and continuously do business in this District and the case arises out of defendants' acts within this District.

12. The Court has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367. The breach of contract claim arises out of the same circumstances as the ERISA claim and both claims form part of the same case and controversy.

13. Venue is proper pursuant to ERISA, 29 U.S.C. § 1132(e)(2), some or all of the actionable conduct for which relief is sought occurred in this District. Plaintiff resides within this District.

# THE PARTIES

## Plaintiff

14. Plaintiff Nicole Beaver is a participant in the Song Plan. Plaintiff suffered losses as a result of defendants' breaches of fiduciary duties and breach of contract claim. Plaintiff resides in New York County, New York.

## Defendants

15. **Defendant Delta** is a Delaware corporation with its principal place of business located in Atlanta, Georgia. Delta transacts substantial business in this District. Delta is one of he largest airlines in the world.

16. Defendant **Song** is a wholly-owned subsidiary of Delta and operates as a low cost airline. Song maintains its principal place of business in Atlanta, Georgia and transacts substantial business in this District.

17. **Defendant Robert L. Kight** served as Chairman of Delta's Administrative Committee. Defendant Kight was a fiduciary within the meaning of ERISA because he exercised discretionary authority or discretionary control with respect to the management of the Plan and he possessed discretionary authority or discretionary responsibility in the administration of the Plan.

18. **Defendant Joanne D. Smith** served as Song's President. Defendant Smith was a fiduciary within the meaning of ERISA because she exercised discretionary authority or discretionary control with respect to the management of the Plan and she possessed discretionary authority or discretionary responsibility in the administration of the Plan.

19. The following defendants served on the Board of Directors of Delta. Each of them was a fiduciary within the meaning of ERISA because he or she exercised discretionary

authority or discretionary control with respect to the management of the Plan and he or she possessed discretionary authority or discretionary responsibility in the administration of the Plan: (i)**Arthur E. Johnson**; (ii) **Paula G. Rosput Reynolds**; (iii) **Kenneth B. Woodrow**; (iv) **Karl J. Krapek**; (v) **John F. Smith, Jr.**; (vi) **Joan E. Spero**; (vii) **Gerald Grinstein**; (viii) **David R. Goode** and (ix) **Edward H. Budd**.

20. Defendants John Does 1-25 are fiduciaries and/or other defendants who participated in the wrongdoing alleged herein but who are presently unknown to plaintiff. Therefore, such persons are named herein as unknown John Doe Defendants 1-25. Once the identities of these defendants are ascertained, plaintiff will seek leave to join them under their true names.

21. The individual defendants referenced above are referred to herein as the "Individual Defendants."

22. On information and belief and in anticipation of further discovery, defendants exercised discretionary authority respecting the Plans' management and/or administration within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), particularly in light of the alleged status of the Plans under ERISA 404(c) and its regulations, and are or were during Class Period, fiduciaries of the Plans based on actions alleged herein. These actions included, but were not limited to, the issuance of communications directed to the Plan participants concerning the likely future of the plan.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The requirements of subparts 23(a) & (b)(2)-(3) are met with respect to the Class, which is defined as follows:

**Former employees of Delta that went to work for Song in 2003 and that participated in or were beneficiaries of the Plan (Founders).**

24. Excluded from the Class are the defendants, the officers and directors of Delta and/or Song, members of their immediate families, their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

25. The Class consists of hundreds of persons located throughout the United States. Class members are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. The exact number and identity of Class members can be determined through discovery.

26. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to Class members predominate over questions which may affect individual Class members and include:

    a. Whether ERISA applies to the claims at issue here;

    b. Whether defendants owe and owed fiduciary duties to Class members;

    c. The nature of the fiduciary duties defendants owe or owed to Class members;

    d. Whether defendants breached their fiduciary duties under ERISA;

    e. Whether a contract was formed between class members and Song and/or Delta;

    f. Whether Delta and/or Song breached this contract by their planned elimination of the Founder's rights; and

    g. The extent of harm sustained by Class members and the appropriate measure of relief.

27. Plaintiff's claims are typical of those of the Class because plaintiff and Class members suffered similar harm as a result of defendants' unlawful and wrongful conduct. Absent a class action, Class members may not receive appropriate relief and will continue to suffer losses and these violations of law will proceed without remedy.

28. Plaintiff is committed to pursuing this action and has retained counsel experienced in class action litigation of this nature. Plaintiff will fairly and adequately represent the interests of the Class and plaintiff has no interests which conflict with those of the Class.

29. The prosecution of separate actions by Class members would create a risk of establishing incompatible standards of conduct for defendants. Individual actions may, as a practical matter, be dispositive of the interests of the Class.

30. A class action is the superior method for fair and efficient adjudication of this controversy. The likelihood that individual Class members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiff's counsel, highly experienced in class actions, sees no difficulty in the management of this case as a class action.

## THE SONG PLAN, DEFENDANTS' FIDUCIARY STATUS AND THE CONTRACT BETWEEN DELTA/SONG AND THE MEMBERS OF THE CLASS

31. **Plan Description.** The Plan is an employee benefit plan within the meaning of ERISA §§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A).

32. The Plan was a defined contribution plan, 401(k) plan within the meaning of ERISA §§ 3(34), 29 U.S.C. §§ 1002(34), in that the Plan provided individual accounts for each Plan Participant and for benefits, based only upon the amount contributed to each Plan Participant's account, along with any income, expenses, gains or losses which are allocable to such Plan Participant's account.

33. **Plan Administration.** Defendants acted as fiduciaries of the Plan pursuant to ERISA, 29 U.S.C. § 1002(21)(A). Under this regulation, every person is a fiduciary of the Plan "to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management of disposition of its assets . . . ." During the relevant period, each of the defendants exercised discretionary authority or control over the management or administration of the Plan or control in the management or disposition of the Plan's assets and were, therefore, fiduciaries of the Plan.

34. Each defendants is liable for breaches of fiduciary duty of the other defendants under ERISA § 405, 29 U.S.C. § 1105.

## DEFENDANTS' BREACHES OF FIDUCIARY DUTY AND BREACH OF CONTRACT

35. ERISA is a comprehensive statute covering virtually all aspects of employee benefit plans, including retirement savings plans, such as the Plans and their predecessor Plans:

> It is hereby declared to be the policy of this Act to protect interstate commerce and the interests of participants in employee benefit Plan and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit Plan, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

ERISA 2(b), 29 U.S.C. § 1001(b).

36. Under ERISA, those responsible for plan management and oversight stand in a fiduciary relationship in relation to plan participants. Pursuant to ERISA, a "fiduciary" is defined broadly to include all persons or entities that are able to exercise discretionary authority or control over the management of a plan or its assets.

37. ERISA requires strict fidelity and loyalty in the execution of a plan's management pursuant to 29 U.S.C. § 1002(21). In addition, ERISA imposes on plan management a fiduciary

duty of prudence, requiring those responsible for plan management to "discharge his [or her] duties with respect to a plan solely in the interest of the participants and their beneficiaries and . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1). ERISA also imposes on those responsible for plan management a duty of loyalty, requiring the fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and their beneficiaries and . . . for the exclusive purpose of . . . providing benefits to the participants and their beneficiaries." *Id.*

38.   Defendants' fiduciary duties of loyalty, due care and prudence include a duty to inform participants of each Plan of any material adverse information that could affect the Plan. The disclosure duties and fiduciary duties imposed on plan management by ERISA were designed to reduce the disparity in access to company information that exists between the fiduciaries and the participants and their beneficiaries.

39.   Pursuant to ERISA plan administrators have discretionary authority to communicate with beneficiaries about the future of plan benefits. Such communications must be truthful, accurate and complete.

40.   Delta and Song entered into an agreement with class members pursuant to which class members would become Song employees and give up increased pay in return for promised protection from furlough, super seniority status and increased employer contribution to the 401(k) plan.

**Defendants Misrepresented the Likely
Future of the Plan and Breached The Contract With Members of the Class**

41.     Defendants breached their fiduciary duties of loyalty and prudence for, among other reasons, the following:

   a.     Defendants failed to disclose to the members of the class that Song could, at any time, become a division of Delta; and

   b.     that the benefits that Song employees enjoyed as Plan participants, namely, the employer 401(k) match that was more than class members received while they were employed by Delta, could, and likely would, disappear.

42.     In fact, Plan fiduciaries and/or their representatives repeatedly misrepresented that the Founder's rights would be maintained.

43.     At a conference call with class members on October 12, 2004, Defendant Song's Human Resources Director, Jana Broadie, stated: "Founder's rights are what they are. They are not changing. Founders rights stay. You don't have to worry about that, at all." This statement was made in the presence of Song President Joann Smith who stressed that the commitment to founder's rights has the support of both Delta and Song.

44.     At a conference call on April 26, 2005, Song's Director of In Flight Services, David James, was asked about concerns that had been voiced about a rumored plan to make Song and Delta one airline again by 2006. James stated "I can tell you that absolutely that is a rumor. There is no credibility to that whatsoever."

45.     At a conference call on May 10, 2005, Song President Joann Smith again reiterated the obligation to Song's founders and stated "we have to maintain our founder's commitments…"

46. These assurances, made by Plan fiduciaries or with their consent and approval in their capacities as plan fiduciaries, were materially false and misleading because, in fact, Delta had no intention of honoring the Founder's rights and their representations to the contrary were lacking in any reasonable basis when made and provided false comfort to class members.

47. Such false assurances about the likely future of the Plan violated defendants' fiduciary obligations to speak truthfully, accurately and completely about such matters to Plan members.

48. Defendants' duty of loyalty also entailed a duty to avoid conflicts of interest and to resolve them promptly should they occur. Under ERISA, a fiduciary must always act for the sole benefit of the participants and their beneficiaries. Defendants breached their duty of loyalty by failing to avoid conflicts of interest and to resolve such conflicts promptly when they did occur. By their conduct and misrepresentations, defendants put the interests of Delta ahead of Plan participants.

49. As a result of defendants' breaches of their fiduciary duties owed to plaintiff and Class members, plaintiff and Class members were harmed.

50. Song and Delta breached, or have announced their intention to breach, their contract with the members of the class by announcing that the Founders will no longer be entitled to, inter alia, super seniority, protection from furlough and an increased employer match to the 401(k) plan.

## COUNT I

### Breach of Fiduciary Duty Against All Defendants In Violation of ERISA § 404

51. Plaintiff incorporates by reference each and every allegation contained above.

52. The Plans are governed by the provisions of ERISA, 29 U.S.C. § 1001, *et seq.*, and plaintiff and Class members are participants and/or beneficiaries in the Plan. Defendants

exercised discretionary authority or control with respect to the management of the Plans and their assets and is a fiduciary or co-fiduciary to the Plans under the terms of ERISA.

53. Defendants violated their fiduciary duties by misrepresenting the likely future of Plan benefits to Plan participants and/or beneficiaries.

## COUNT II

### Breach of Contract Against Delta and Song

54. Defendants were contractually obligated to provide class members with a range of benefits including specifically enumerated seniority rights in consideration for class members foregoing: night pay, delay pay, Delta's higher per diem, on board leader pay, and inter alia, cancellation pay.

55. Throughout the tenure of Song, executives at the highest level including President Joann Smith, reiterated and confirmed the contractual commitments made to Song's founders.

56. Defendants have violated their contractual obligations by breaking their commitments to founders including those specifically related to seniority.

57. As a result of Defendants wrongful conduct, class members have and/or will continue to sustain damages.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment as follows:

a. Determining that this is a proper class action to be certified under Rule 23 of the Federal Rules of Civil Procedure;

b. Declaring that defendants have violated the duties, responsibilities and obligations imposed upon them as fiduciaries and co-fiduciaries under ERISA;

c. Declaring that Song and Delta were contractually obligated to maintain the Founder's rights and that the Song and Delta breached, or plans to breach, this contract;

c.  Awarding compensatory, consequential, extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure;

d.  Awarding plaintiff, Class members and the Plans' restitution and/or remedial relief;

e.  Awarding plaintiff, Class members and the Plans' pre-judgment and post-judgment interest, as well as their reasonable attorneys' fees, expert witness fees and other costs; and

f.  Awarding such other relief as this Court may deem just and proper.

DATED: September 13, 2005

MILBERG WEISS BERSHAD & SCHULMAN LLP

By: /s/
Steven G. Schulman (SS-2561)
Lori G. Feldman (LF-3478)
Andrei V. Rado (AR-3724)
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

--and--

Reuben Guttman
1920 L Street, NW, Suite 400
Washington, D.C. 20036
Telephone: (202) 783-6091
Fax: (202) 350-5908

**Attorneys for Plaintiff**